UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ISSA NDIAYE,

                  Petitioner,

   -against-

LADEON FRANCIS, in his official capacity
as Acting Field Office Director of New York,
Immigration and Customs Enforcement;
KRISTI NOEM in her official capacity as
Secretary of Homeland Security; PAM
BONDI, in her official capacity as Attorney
General,

                  Respondents.

**MEMORANDUM & ORDER**
26-CV-0069 (HG)

**HECTOR GONZALEZ**, United States District Judge:

On June 20, 2025, U.S. Immigration and Customs Enforcement ("ICE") detained

Petitioner Issa Ndiaye ("Ndiaye" or "Petitioner") as he was leaving a hearing before an

immigration judge.  Petitioner was then transferred to the Metropolitan Detention Center

("MDC") in Brooklyn, where he has been detained since late June.  Petitioner now seeks a writ

of habeas corpus, pursuant to 28 U.S.C. § 2241.  ECF No. 1.[1]

For the following reasons, his petition for a writ of habeas corpus is GRANTED.

---

[1]     Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits
all internal quotation marks, alteration marks, emphases, footnotes, and citations.  The Court
refers to the pages assigned by the Electronic Case Files system ("ECF").

Petitioner is a Guinea national who arrived in the United States in February 2024, after he decided to seek humanitarian protection in the country. ECF No. 1 ¶ 8. When Petitioner arrived in the United States, he was detained, charged as removable as a noncitizen "present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General," pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), ordered to appear before an immigration judge at a later date, and released. *See id.* ¶¶ 9, 11; *see also* ECF No. 7 at 2. According to Petitioner, he filed an application for asylum in September 2024, and diligently attended immigration hearings, including the hearing on June 20, 2025, where he was detained. *See* ECF No. 1 ¶¶ 11–12.

On January 6, 2026, Petitioner initiated the instant action by filing a petition for a writ of habeas corpus. ECF No. 1 ("Petition"). That same day, the Court issued an Order to Show Cause directing the government to show cause why a writ of habeas corpus should not be granted, why it should not be ordered to immediately release Petitioner from detention, and whether the instant Petition is controlled by this Court's prior opinions in *O.F.B. v. Maldonado*, No. 25-cv-6336, 2025 WL 3277677 (E.D.N.Y. Nov. 25, 2025), *R.P.L. v. Maldonado*, No. 25-cv-6886, 2025 WL 3731864 (E.D.N.Y. Dec. 26, 2025), and Judge Donnelly's prior opinion in *Ye v.*

---

[2] The Court relies on evidence submitted by the parties in outlining the relevant facts to this Order. The facts recited here are undisputed unless otherwise noted. *See Hyppolite v. Noem*, No. 25-cv-4304, 2025 WL 2829511, at *2 n.1 (E.D.N.Y. Oct. 6, 2025); *Munoz Materano v. Arteta*, No. 25-cv-6137, 2025 WL 2630826, at *1 n.1 (S.D.N.Y. Sept. 12, 2025).

After review of all the submissions, the Court finds that the Petition "present[s] only issues of law," and it may, therefore, be adjudicated without a hearing. *See* 28 U.S.C. § 2243 (directing courts to "determine the facts, and dispose" of habeas petitions expeditiously, "as law and justice require"); *see also Tumba Huamani v. Francis*, No. 25-cv-8110, 2025 WL 3079014, at *1 n.1 (S.D.N.Y. Nov. 4, 2025).

*Maldonado*, No. 25-cv-6417, 2025 WL 3521298 (E.D.N.Y. Dec. 8, 2025). *See* Jan. 6, 2026, Text Order. A week later, the government filed its response. *See* ECF No. 7 ("Response").

The government's Response noted that, while it disagrees with the Court's rejection of its argument that 8 U.S.C. § 1225 applies to noncitizens who had been living in the country before they were detained, it nevertheless "acknowledge[s] that [this Court's] prior decisions in *O.F.B.* and *R.P.L.* would control the outcome here and recognize[s] that it would be futile to repeat the government's statutory interpretation arguments in opposing the [instant] habeas petition." *See id.* at 2–3.

The Court issues the instant Order before Petitioner's deadline to file a reply in light of its obligation to "determine the facts, and dispose" of habeas petitions expeditiously, "as law and justice require." *See* 28 U.S.C. § 2243.

## **LEGAL STANDARD**

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011); *see also Ozturk v. Hyde*, 136 F.4th 382, 393 (2d Cir. 2025). A petition for a writ of habeas corpus under Section 2241, "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-cv-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)).

## **DISCUSSION**

In the instant petition, Ndiaye seeks a writ of habeas corpus based on: (1) a violation of the Due Process Clause of the Fifth Amendment; (2) a violation of the Fourth Amendment; and (3) a violation of the Administrative Procedure Act ("APA").[3] ECF No. 1 ¶¶ 32–46.

In response, the government reiterates its now-familiar position—that "ICE has properly detained Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A), and that such detention is mandatory," ECF No. 7 at 3—despite sweeping rejection by district courts across the country.[4] The government also notes that "it would be futile to repeat the government's statutory interpretation arguments in opposing the [instant] habeas petition." *Id.*

The Court agrees with the government that it need not repeat its statutory interpretation here because the result of this case is the same as that in *O.F.B.*, 2025 WL 3277677, and *R.P.L.*, 2025 WL 3731864. And, for the reasons this Court has already articulated in its decisions in those cases (and hundreds of others across the country), the Court concludes that Petitioner is

---

[3] Although Petitioner presents serious claims regarding his unlawful arrest (claim two) and violation of the APA (claim three), *see* ECF No. 1 ¶¶ 39–46, the Court need not address these claims, given its conclusion that Petitioner's detention under 8 U.S.C. § 1226 violates the Due Process Clause of the Fifth Amendment. For that same reason, the Court need not address Petitioner's fourth claim, which invokes the Court's "inherent authority to set bail pending the adjudication of a habeas petition" to request his "immediate release pending adjudication of the instant petition." ECF No. 1 ¶¶ 47–50 (citing *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001)).

[4] In November, the number of nationwide cases concerning the position the government reiterates here was approaching 400. *See Barco Mercado v. Francis*, No. 25-cv-6582, 2025 WL 3295903, at *4, *13 (S.D.N.Y. Nov. 26, 2025) (collecting 362 cases into appendices, one listing 350 cases where courts rejected the government's position, and the other, listing 12 cases that have gone the other way). Within the past few weeks, courts surveying the decisions in this Circuit and this District have found similar results. *See Ye*, 2025 WL 3521298, at *2 n.7 (noting that out of the more than two dozen district courts throughout this Circuit to consider the issue, the government prevailed in only two cases); *Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569, at *3 (E.D.N.Y. Jan. 6, 2026) ("[I]n the last four months," courts "within the Eastern District of New York . . . have unanimously rejected the government's interpretation.").

4

currently being detained pursuant to Section 1226 and in violation of his rights to due process under the Fifth Amendment. *See O.F.B.*, 2025 WL 3277677, at *3–6; *R.P.L.*, 2025 WL 3731864, at *2–4; *see also, e.g.*, *Tacuri*, 2026 WL 35569, at *3 (collecting cases). Here, as was the case in *O.F.B.*, "the government did not play by the rules—'treating attendance in immigration court as a game of detention roulette is not consistent with the constitutional guarantee of due process.'" 2025 WL 3277677, at *6 (quoting *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *15 (S.D.N.Y. Aug. 13, 2025)).

Still, even if the government did repeat its statutory interpretation, and "even if the Court ignored the problems with [it], or the hundreds of district court decisions that have confronted this issue, and instead followed the minority view (which is [effectively] what the government asks here), the result would be the same—Petitioner's arrest and detention do not comport with due process." *See O.F.B.,* 2025 WL 3277677, at *6.

Accordingly, because the "typical remedy" for "unlawful executive detention" is "of course, release," *Munaf v. Geren*, 553 U.S. 674, 693 (2008), the government's ongoing detention of Petitioner, in the face of yet another complete failure of process, entitles him to immediate release, *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[R]elease from illegal custody" is the "usual remedy by which a man is restored again to his liberty, if he ha[s] been against law deprived of it.").

5

**CONCLUSION**

For the reasons stated above, Petitioner's detention violates the Due Process Clause of the Fifth Amendment, and his petition for a writ of habeas corpus, ECF No. 1, is GRANTED.

The government is directed to immediately release Petitioner from custody and is further directed to certify compliance with the Court's Order by filing a letter on the docket no later than 5:00 p.m. today, January 14, 2026.  The Court further orders that Petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where Respondents will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a).

The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.


SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
January 14, 2026